# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOU HER, <br><br> Defendant. | Case No. 3:15-cr-00090-SLG |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 211 is defendant Tou Her's Motion for Compassionate Release. The government responded in opposition at Docket 215. Mr. Her requested to file a reply "if it would assist the court."[1] No reply is necessary to the Court's determination of the instant motion.[2]

On July 28, 2017, this Court sentenced Mr. Her to 120 months imprisonment after he pleaded guilty to one count of Drug Conspiracy.[3] Mr. Her is currently in Bureau of Prisons (BOP) custody and incarcerated at Mendota FCI; his projected

---

[1] Docket 211 at 11.

[2] *See* D. Ak. L. Crim. R. 47.1(d) ("Unless otherwise ordered by the court, no reply memorandum will be filed.").

[3] Docket 194 (Judgment).

release date is January 14, 2026.[4]  Mr. Her seeks an order reducing his sentence to time served.[5]

## I. Applicable law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[6]  If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits.  On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[7]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate

---

[4] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Apr. 13, 2021).

[5] Docket 211 at 11.

[6] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194.  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.  *See also United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (holding that the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release motion filed by a defendant, but the policy statement "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant").

[7] 18 U.S.C. § 3582(c).

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 2 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 2 of 7

release.[8]  Mr. Her requested compassionate release in August 2020, and the warden denied that request.[9]  The government agrees that Mr. Her has exhausted his administrative rights.[10]  The Court will consider the motion on its merits.

## III.    Extraordinary and compelling reasons

Mr. Her, who is currently 33 years old, submits two grounds for compassionate release.  First, Mr. Her contends that his "physical condition, which includes muscle wasting and borderline obesity, along with the continuing dangers of Covid-19 to incarcerated persons" constitutes an extraordinary and compelling reason that warrants his release from custody.[11]  The government responds that "Her is only mildly obese, and BOP is monitoring his condition . . . [and] his muscle loss does not appear to place him at increased risk from COVID-19 under CDC guidelines."[12]  Mr. Her submitted eight pages of medical records in support of his claim.[13]  Those records confirm that he has "[m]uscle wasting and atrophy" but make no mention of his weight.  Muscle wasting and atrophy are not recognized risk factors for COVID-19.  The medical records do not support Mr. Her's assertion as to the severity of his medical condition, and he has not pointed to any portion

---

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] Docket 203-1 at 8–9.

[10] Docket 215 at 3.

[11] Docket 211 at 5–6.

[12] Docket 215 at 4.

[13] Docket 213-1 (under seal).

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 3 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 3 of 7

of the records in support of his claims. Mr. Her also contends that COVID-19 remains a threat to inmates like himself, despite vaccinations.[14] However, the generalized risk of COVID-19 is insufficient to show extraordinary and compelling circumstances.[15] The Court finds that Mr. Her had not shown "extraordinary and compelling" medical reasons that would justify a reduction in sentence at this time.

Mr. Her next contends that his family situation constitutes an extraordinary and compelling reason to grant compassionate release. He relies on U.S.S.G. § 1B1.13, which lists as reasons for compassionate release the "death or incapacitation of the caregiver of the defendant's minor child or minor children," and also relies on the broader "catch-all" provision.[16] Mr. Her asserts that he has six young children who live in a house with their mother and extended family members.[17] He maintains that certain extended family members are disabled and cannot help care for the children and his wife has to work.[18] The government responds that § 1B1.13 does not apply because "Her's wife is alive and is not incapacitated."[19]

---

[14] Docket 211 at 6–7.

[15] *See, e.g.*, *United States v. Maxwell*, Case No. CR04-732-RSWL-1, 2021 WL 310970, at *3 (C.D. Cal. Jan. 28, 2021) ("[R]elease must be based on a defendant's particular susceptibility to COVID-19, not the generalized risks associated with the pandemic.").

[16] Docket 211 at 8 (citing U.S.S.G. § 1B1.13 cmt. n.1(C),(D)).

[17] Docket 211 at 3.

[18] Docket 211 at 3, 8.

[19] Docket 215 at 4.

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 4 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 4 of 7

The Ninth Circuit has recently held that the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release motion filed by a defendant, but the policy statement "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant."[20] Here, the Court have reviewed the letters written by Mr. Her's family[21] and finds that Mr. Her's family circumstances do not rise to the level of extraordinary and compelling. Many families suffer from the incarceration of a parent, and many families have struggled with childcare during the COVID-19 pandemic. Mr. Her's circumstances are not extraordinary because "the same could be said of *any* inmate who has young children and a spouse who must work."[22]

## IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[23] Mr. Her asserts that the five years

---

[20] *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021).

[21] Docket 212 at 5–7.

[22] *United States v. Shields*, Case No. 12-cr-00410-BLF-1, 2019 WL 2539231, at *5 (N.D. Cal. June 4, 2019) (emphasis in original).

[23] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 5 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 5 of 7

he has served "is a sufficient deterrent to Her and sends a clear message to him that his crime was serious" and that his good behavior and education while in custody demonstrate that he is ready to re-enter society and does not present a danger to the public.[24] The government responds that "[r]eleasing Her now would not promote respect for the law or provide just punishment. He has only served half of his ten-year prison sentence" and that "Her has a lengthy and significant criminal record with numerous felony convictions" and thus cannot be safely released.[25]

The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case for the following reasons. The crime of conviction involved Mr. Her shipping 1.76 kilograms of methamphetamine from California to Alaska for distribution.[26] Mr. Her's criminal history includes felony convictions for burglaries, stolen vehicles, and sex with a minor.[27] The Court has considered and weighed that Mr. Her does not appear to have any BOP disciplinary history, has taken classes in custody, and has been employed while in custody.[28] However, the Court finds that reduction of Mr. Her's sentence would not reflect the nature and circumstances of the offense, the history and

---

[24] Docket 211 at 9–10.

[25] Docket 215 at 4–5.

[26] Docket 153 at 8–10.

[27] Docket 153 at 12–16.

[28] Docket 212.

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 6 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 6 of 7

characteristics of Mr. Her, or the seriousness of the offense; would not promote respect for the law; would not afford adequate deterrence; would not protect the public; and would not provide just punishment.[29]

**CONCLUSION**

In light of the foregoing, IT IS ORDERED that the motion at Docket 211 is DENIED.

DATED this 16th day of April, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] 18 U.S.C. § 3553(a)(2).

Case Nos. 3:15-cr-00090-SLG, *United States v. Her*
Order Re Motion for Compassionate Release
Page 7 of 7
Case 3:15-cr-00090-SLG   Document 217   Filed 04/16/21   Page 7 of 7